COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Houston Lee Arrowood v. State of Texas

Appellate case number:    01-12-00912-CV

Trial court case number:   11JV0116

Trial court:                        County Court at Law No. 2 of Galveston County

Appellant's Motion to Extend Time to File Appellant's Brief is **denied**.

Appellant's brief in this case was originally due on February 25, 2013. It is the ordinary practice of this court to grant no more than 3 extensions of 30 days each. With his first motion for extension of time, appellant's counsel requested, and received, an extension of 60 days, to April 29, 2013. Appellant's counsel next requested an additional 120 days to file the brief, because he was "busy with several serious trials over the next 120 days and needs the additional time." We noted that this explanation did not support counsel's extraordinary request that he be permitted to file appellant's brief nearly six months after the brief originally became due. We granted the request in part and denied the request in part, and ordered counsel to file the brief by June 28, 2013. Counsel was notified that no further extensions would be granted absent extraordinary circumstances.

Appellant's counsel is now requesting, for the second time, an additional 120 days to file the brief, extending the deadline to file the brief to October 28, 2013. The reason given for this lengthy extension request is identical to the reason given in the previous motion for extension: "[c]urrently appellate [sic] is busy with several serious trials over the next 120 days and needs the additional time." Again, this does not support counsel's extraordinary request that he be permitted to file appellant's brief nearly seven months after the brief originally became due.

Accordingly, counsel is hereby ORDERED to file appellant's brief **within 30 days of the date of this order**. This is an appeal from a delinquency proceeding, and although delinquency proceedings are civil proceedings, they are quasi-criminal in nature. *See In re M.P.A.*, 364 S.W.3d 277, 282 n. 2 (Tex. 2012). Accordingly, if appellant's brief is not filed by the deadline, this Court will abate this case to the trial court for a hearing to determine whether counsel should be held in contempt for failing to comply with an order of this court, whether substitute counsel should be appointed for the appellant, and for further appropriate findings and recommendations. *See* TEX. R. APP. P. 38.8.

It is so ORDERED.

Judge's signature: /s/ Rebeca Huddle

                       ☑ Acting individually    ☐ Acting for the Court


Date:   July 9, 2013